**In re Donald R. OWEN, Debtor.**

**Charles E. COVEY, Trustee, Plaintiff,**

**v.**

**UNITED FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.**

**Bankruptcy No. 87–81125.**
**Adv. No. 88–8008.**

United States Bankruptcy Court,
C.D. Illinois.

Feb. 1, 1989.

James S. Brannon, Peoria, Ill., for plaintiff.

John M. Hanlon, Galesburg, Ill., for defendant.

OPINION AND ORDER

WILLIAM V. ALTENBERGER,
Bankruptcy Judge.

This is an action to recover a preference of $5,454.90. The debtor and his then wife held title in joint tenancy and resided in certain real estate. The debtor's wife died, and the debtor continued to reside in the real estate. Subsequently, the defendant took judgment against the debtor and on

December 4, 1986, filed a memorandum of judgment with the Recorder of Deeds. On March 7, 1987, the debtor sold the real estate for $11,000.00, and from the proceeds paid the defendant $5,454.90 in exchange for a release of the judgment lien. On May 6, 1987, the debtor filed a Chapter 7 proceeding. His trustee then brought this preference action to recover the monies paid to the defendant.

Section 547 of the Bankruptcy Code, 11 U.S.C. Section 547, provides that a trustee may avoid as a preference any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

It is the trustee's position that the defendant's judgment lien did not attach to exempt property and that the real estate and the proceeds were exempt property because the real estate sold for $11,000.00, which is less than the $15,000.00 homestead exemption that the debtor was entitled to pursuant to Ill.Rev.Stat.1987, Ch. 110, para. 12–901, et seq. Therefore the payment was a preference.

The defendant takes the position that the second and fifth elements of a preference are not present. Specifically, citing *Kenan v. Fort Worth Pipe Company*, 792 F.2d 125, 14 C.B.C.2d 1230, the defendant contends there was no antecedent debt, but a contemporaneous exchange, as the payment was in exchange for the release of a judgment lien. The defendant also contends that it did not receive more than it would have received had the transfer not been made because it held a secured position via the judgment lien which was entitled to be satisfied. As alternative arguments, the defendant contends that the debtor is entitled to only a single $7500.00 exemption and that the trustee has no power to recover a preference involving exempt property.

■ The Court first addresses the defendant's argument that the second and fifth elements of a preference are not present in this case. The defendant relies upon the case of *Kenan v. Fort Worth Pipe Company, supra.* In that case the court held:

A debtor's payment to a creditor and the creditor's simultaneous release of a valid lien within the 90–day preference period constitutes a contemporaneous exchange for new value under section 547(c)(1), even if the property securing the lien is itself worthless—the plain language of sections 547(a)(2) and 547(c)(1) does not require that the preferential transfer have a quid pro quo value and does not mandate a computation of the value of exchange. (Collier on Bankruptcy, 15th ed., 4:547.05).

This decision was subsequently criticized in *In re Nucorp Energy, Inc.*, 80 B.R. 517 (Bkrtcy.S.D.Cal.1987). This Court need not decide whether *Kenan* is decided correctly or not, because the facts in *Kenan* are distinguishable from the facts in this case. In the *Kenan* case, the creditor held a valid lien and the court merely held that the release of a valid lien on property of little or no value was a contemporaneous exchange for new value. In the case before this Court, the defendant could not obtain a valid lien against the debtor's homestead interest. Although some jurisdiction hold that a judgment lien attaches to an existing homestead interest, but remains dormant or is held in abeyance while the land continues to be occupied as the homestead, that

is not the law in Illinois. In Illinois, a judgment lien does not attach to a homestead interest. *Dixon v. Moller*, 42 Ill. App.3d 688, 1 Ill.Dec. 411, 356 N.E.2d 599; *Lehman v. Cottrell*, 298 Ill.App. 434, 19 N.E.2d 111. Absent a valid lien, the defendant was merely an unsecured creditor and the payment was for an antecedent debt which enabled the defendant to receive more than it would have received through bankruptcy.

Therefore, the issue to be determined involves the extent of the debtor's homestead interest, and can be specifically stated as being whether the debtor was entitled to just a single exemption of $7,500.00, which results in the defendant's judgment lien attaching to $3,500.00 of non-exempt property, or a double exemption of $15,000.00 which results in all the $11,000.00 being exempt.[1] In contending the debtor is entitled to an exemption for both himself and his deceased wife, which total $15,000.00, the trustee relies on Sections 12–901 and 12–902 of the Illinois Code of Civil Procedure, which provide in part as follows:

> Section 12–901. Amount. Every individual is entitled to an estate of homestead to the extent in value of $7,500, in the ... lot of land and buildings thereon, ... owned or rightly possessed by ... and occupied by him or her as a residence, ... and such homestead, and all right and title therein, is exempt from attachment, judgment, levy or judgment sale for the payment of his or her debts....
>
> Section 12–902. Exemption after death or desertion. Such exemption shall continue after the death of such individual, for the benefit of the spouse surviving, so long as he or she continues to occupy such homestead,.... Ill.Rev. Stat.1987, Ch. 110, paras. 12–901 and 12–902.

The defendant asserts that there are no cases which construe these sections of the Illinois exemption statute in the context of this issue, and argues that while Section 12–902 continues the exemption for the benefit of a surviving spouse, it does not specifically provide for a double exemption.

This issue is resolved through a construction of Section 12–901 and 12–902, and Section 12–906, which provides as follows:

> Sec. 12–906. Proceeds of sale. When a homestead is conveyed by the owner thereof, such conveyance shall not subject the premises to any lien or incumbrance to which it would not be subject in the possession of such owner; and the proceeds thereof, to the extent of the amount of $7,500, shall be exempt from judgment or other process, for one year after the receipt thereof, by the person entitled to the exemption, and if reinvested in a homestead the same shall be entitled to the same exemption as the original homestead.
>
> Ill.Rev.Stat.1987, Ch. 110, para. 12–906.

Prior to being amended, Section 12–902 materially read as indicated above and Section 12–906 read as indicated above. But Section 12–901 read as follows:

> 1. Amount—Application of section
>
> Sec. 1. Every householder having a family shall be entitled to an estate of homestead to the extent in value of $10,-000, in the farm or lot of land and buildings thereon owned or rightly possessed by lease or otherwise and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or judgment sale for the payment of his or her debts ...[2]

Prior to amendment, the resolution of the issue would have been straightforward. The homestead exemption was given to the

---

**1.** This issue is not controlling because of this Court's holding that exempt property cannot be the subject of a preference. However, this Court recognizes there is a split of authority on the question of whether exempt property can be the subject of a preference. If it can be then the issue of whether the defendant was partially secured would be important.

**2.** Prior to 1982 these provisions were found in Ill.Rev.Stat.1981, Ch. 52, paras. 1, 2 and 6.

householder having a family.[3] When the householder died, the homestead exemption continued in the surviving spouse. If the homestead was conveyed, it was conveyed free and clear of any lien or encumbrance which would not have attached to the homestead interest, and the proceeds from any conveyance were also exempt for one year. If those proceeds were reinvested in a homestead, they were entitled to the same homestead exemption as the original homestead exemption. In this particular case, the debtor would have been entitled to a homestead exemption of $10,000.00. His wife's death would have had no impact, as he would have continued to claim the exemption as the householder. When he sold the real estate both the buyer's interest in the real estate and the proceeds would have been exempt from the judgment lien to the extent of the statutory limit. If the debtor had reinvested the proceeds in another homestead, he would have been entitled to the same $10,000.00 exemption as the original homestead exemption.

With the amendments, Section 12–901 was changed to provide that every individual is entitled to an estate of homestead to the extent of $7,500.00 in property that is occupied by them as a residence. This section was construed by the Illinois Appellate Court to give both the husband and wife a $7,500.00 exemption, for a total exemption of $15,000.00. *The First National Bank of Moline v. Mohr*, 162 Ill.App.3d 584, 114 Ill.Dec. 85, 515 N.E.2d 1356 (3rd Dist.1987). However, Section 12–902 was not materially changed, and Section 12–906 was left unchanged. The amendment to Section 12–901 without any corresponding changes to Sections 12–902 and 12–906 creates a statutory interpretation problem.[4]

While the debtor's wife was alive both the debtor and his wife would have been entitled to a $7,500.00 exemption, for a total exemption of $15,000.00. Do these sections permit the debtor to continue to claim his deceased wife's $7,500.00 exemption. There are two possible constructions to these sections. The first is based upon the concept that the exemption statutes are to be liberally construed *In re Terry*, 41 B.R. 508 (Bkrtcy.N.D.Ill.1984) and that by not changing Sections 12–902 and 12–906 the legislature intended that they should have the same effect as they would have had prior to the amendment. *S. Buchsbaum & Co. v. Gordon*, 389 Ill. 493, 59 N.E.2d 832 (1945). Applying such a construction would have the following result. After his wife died, the debtor, pursuant to Section 12–902, continued with his deceased wife's exemption so long as he continued to occupy the homestead, which would mean that he would be entitled to a $15,000.00 homestead interest. When he sold the homestead, the provisions of Section 12–906 protected the buyer from the judgment lien to the same extent the debtor was protected while in possession of the homestead, and that the debtor could claim a homestead interest in the $11,000.00 of proceeds. This interpretation is gleaned from the last part of Section 12–906 which provides if proceeds are reinvested in a homestead they are exempt to the same extent as the original homestead, which in this case was $15,000.00 prior to the sale.

The other construction is based upon the concept that the court should give effect to the clear wording of a statute and will not judicially legislate a result which it believes the legislature would have enacted had it specifically addressed the ambiguity. *Chapman v. Richey*, 78 Ill.2d 243, 35 Ill. Dec. 749, 399 N.E.2d 1277. Applying this construction to the facts in this case, the debtor and his deceased wife were entitled to a total homestead exemption of $15,-000.00. Upon his wife's death, her exemption would have continued in the debtor so long as he continued to occupy the homestead. However, when he sold the property the buyer would have been entitled to a $11,000.00 protection because that was the

---

3. For the purposes of this Opinion and Order it can be assumed the debtor was the householder with a family.

4. While the court in *The First National Bank of Moline v. Mohr, supra,* did not have before it the issue presented to this Court, it recognized the amendments created ambiguities in the exemption provisions.

amount of the protection the debtor had while the property was in his possession. However, the debtor would only be entitled to an exemption of $7,500.00 in the proceeds because the express terms of Section 12–906 limits the exemption in proceeds to $7,500.00 by a person entitled to the exemption. If the debtor reinvested in a homestead only $7,500.00 of the proceeds would be entitled to the same exemption as the original homestead.

If possible, statutes should be construed in a manner which gives effect to every provision. *In re Kirk*, 71 B.R. 510 (C.D.Ill. 1987). Applying such a rule of construction to the Illinois Exemption Statute results in this Court concluding Section 12–906 should be interpreted so as to limit the debtor's claim of exemption in the proceeds to $7,500.00. To use the first construction indicated above would require the clear language which limits the exemption to "$7,500 … by the person entitled to the exemption …" to be ignored. Therefore, the debtor was limited to a single homestead exemption of $7,500.00, $3,500.00 of the proceeds was not exempt and was subject to the defendant's judgment lien, and $7,500.00 of the proceeds was exempt and not subject to the defendant's judgment lien.

■ The last issue which this Court has to address is whether the trustee can avoid as a preference the $1,954 portion of the payment attributable to exempt property. Under Section 60 of the Bankruptcy Act a transfer of exempt property did not amount to a preference, inasmuch as the exempt property of the bankrupt did not constitute a part of his estate in bankruptcy for the purpose of distribution among creditors. 3 *Collier on Bankruptcy*, para. 60.25 (14th ed. 1977); 1A *Collier on Bankruptcy*, para. 6.11 (14th ed. 1978).

The trustee contends that the result is changed under the Bankruptcy Code, and cites Note 9, page 170, of the Report of the Commission on the Bankruptcy Laws of the United States, which reads as follows:

> Section 60a(1) provides that a "preference is a transfer … of *any* of the property of a debtor … the effect of which transfer will be to enable such a creditor to obtain a greater percentage of his debt than some other creditor of the same class" (emphasis added). This seems clear enough. However, the case law is that if an unsecured creditor of a bankrupt is paid an old debt by transfer of exempt property shortly prior to the filing of a petition, it is not a preference. 3 Collier para. 60.13, at 819, and para. 60.25, at 879 (1964). This case is overruled. The phrase "property of the debtor" in Section 4–607(a) includes property, whether exempt under the proposed Act or otherwise. Cf. Section 4–503.[5]

The defendant, citing *In re Ricke*, 84 B.R. 408 (Bkrtcy.W.D.Pa.1988), contends that the law has not been changed.

---

**5.** This note can be found in *Collier on Bankruptcy*, Appendix 2, Part II of Commission Report, Chapter II, Part 6, Section 4–607 at p. 170. To the same effect are the Commissioner's Comments found in Part I of their report which can be found in the same volume of *Collier*, but in Part I, page 204. The trustee makes no other argument. In *Deel Rent-A-Car, Inc. v. Levine and Freehling*, 721 F.2d 750, 9 C.B.C.2d 1261 (11th Cir.1983), the debtor argued that the diminution of the estate doctrine has been annulled with respect to all action by the trustee. The debtor argued that the doctrine was annulled by a change of wording in Section 547(b)(5). The basis of the argument was that Section 60 of the former Act defines a preference *inter alia* as a transfer

> "To or for the benefit of a creditor … the effect of which transfer will be to enable such creditor to obtain a greater percentage of his

debt than some other creditor of the same class."
11 U.S.C. Section 60(a)(1).
That the language has been altered in Section 547(b) to read:
> "(1) to or for the benefit of a creditor; …
> "(5) that enables such creditor to receive more than such creditor would receive if—
> "(A) the case were a case under Chapter 7 of this title;
> "(B) the transfer had not been made; and
> "(C) the creditor received payment of such debt to the extent provided by the provisions of this title."
11 U.S.C. Section 547(b).
The debtor argued that the new wording reflects a change in focus from the creditor class to the individual creditor, and with the new focus, the diminution of estate doctrine is inappropriate. The court did not decide the issue.

This Court begins its discussion of this issue by noting that although the Bankruptcy Commission's proposed bill expressly overruled cases denying preferential effect in transactions involving transfers of exempt property, that version of the bill was not continued in the enacted bill. *See* 2 *Norton Bankruptcy Law and Practice*, Section 32.04, 16, n. 22. Nor is there anything in the legislative history which specifically indicates that Congress intended to change the law by making exempt property subject to preference actions. The Report of the Committee on the Judiciary of the House of Representatives indicates that the Bankruptcy Code carries over largely intact the trustee's avoiding powers under current law, with significant departures with respect to preferences. The areas of departure involve (1) proof of the debtor's insolvency, (2) proof of the creditor's knowledge of insolvency, (3) problems of interaction between the bankruptcy law and the Uniform Commercial Code, and (4) the complex language of Section 60 of the Bankruptcy Act and its varying interpretations.[6] That portion of the report which discusses the complex language of Section 60 of the Act, contains footnote 42 which refers to the Commission Report, Part I, page 204. That portion of the Commission Report discusses (1) complexity of language, (2) unnecessary litigation, (3) exclusion of transfers of exempt property, and (4) setoff. This legislative history would seem to indicate that Congress shared some, but not all the concerns of the Commission, and was accepting some, but not all the recommended changes of the Commission. One of the recommendations being rejected was that involving the exclusion of transfers of exempt property. The report of the Committee of the Judiciary of the Senate indicates that the preference section was being changed to solve the trustees' problem of proving a creditor had knowledge of a debtor's insolvency.[7]

In discussing this issue, 2 *Norton Bankruptcy Law and Practice*, Section 32.04, states as follows:

In determining whether a given transfer depleted the bankrupt's estate, cases under the Bankruptcy Act tended to require that the property transferred represent value that would otherwise have passed to the estate and, through it, to the other creditors. Thus, there was support for the proposition that a transfer of exempt property could not be a preference since it did not deplete the estate. This result was buttressed, in part, by the fact that exempt property did not pass to the estate. The result may not be valid under the Code since all property passes to the estate and the debtor will generally have an election between federal and state exemptions. Certainly, from the perspective of the transferee-creditor, an economic preference occurs regardless of the type of property transferred.

Judge Ginsberg, in his work on Bankruptcy, states as follows:

The term "property" is not defined in the Bankruptcy Code. However, property for these purposes includes any property that would have become property of the estate had it not been transferred. Exempt property is included in property of the estate; the trustee, as well as the debtor in certain circumstances, can avoid preferential transfers of exempt property. Generally, the debtor may set aside only involuntary transfers of exempt property as preferences. *See* 11 USC Section 522(f)(1), (g), (h). The debtor may be able to avoid voluntary transfers of exempt property, however, under some other provision. *See* 11 USC Section 522(f)(2). The avoiding of transfers of exempt property is explained in greater detail at para. 6001 et seq.

1 Robert E. Ginsberg, *Bankruptcy*, para. 8102 (P.H.1986).

Finally, 4 *Collier on Bankruptcy*, para. 547.03[2] (15th ed. 1988) states that the

---

6. This report can be found in *Collier on Bankruptcy*, Appendix 2, Section II, H.R.Rep. 595, ch. 4, pages 177–179.

7. This report can be found in *Collier on Bankruptcy*, Appendix 3, S.Rep. 989, Title I, Ch. 5, p. 6.

fundamental inquiry is whether the transfer diminished or depleted the debtor's estate, and in footnote 20 states:

If the interest in property transferred was potentially exempt property, then its transfer did not diminish the debtor's estate. The transfer of exempt property may, nevertheless, be avoided. *See, e.g. Deel Rent–a–Car, Inc. v. Levine.* 721 F.2d 750, 757, 9 C.B.C.2d 1261 (11th Cir. 1983) ("Application of the diminution of estate test in this context would in fact contradict the explicit language of section 522(h). The provision ... requires that the debtor be able to exempt the property recovered. Of course, any time he can do that, the property is by definition unavailable to satisfy the claims of other creditors. The diminution of estate doctrine must automatically fail. In effect, application of the doctrine would nullify section 522(h). Because we wish to give effect to the explicit words of Congress and further the fresh start policy of the Code, we hold that the diminution of estate doctrine is not applicable when a debtor sues to avoid a preference under section 522(h).") (footnote omitted). *See also* 11 U.S.C. Section 522(h).

In recent decisions, bankruptcy courts have reached different conclusions on this issue. In *In re Richards,* 92 B.R. 369 (Bkrtcy.N.D.Ind.1988), the court held that exempt property could be the subject of a preference action, while in *In re Treiber,* 92 B.R. 930 (Bkrtcy.N.D.Okla.1988), the court held it could not be.

This Court believes the diminution of estate doctrine is still viable and the fundamental inquiry is whether the transfer diminished or depleted the debtor's estate. As previously indicated, legislative history would seem to reject the idea that Congress intended to accept the Commission's recommendation and change this basic doctrine associated with preference actions brought by a trustee. The court in *In re Treiber, supra,* stated the basis for the continued viability of the doctrine:

One of the reasons for the court's ruling in *Rutledge [v. Johansen,* 270 F.2d 881 (10th Cir.1959)] was that under the Bankruptcy Act exempt property did not become part of the bankruptcy's estate and, therefore, conveyance of such property could not be preferential.

The trustee points out that under the Bankruptcy Code exempt property does become part of the estate and then, if properly claimed, is exempted out, and therefore, a conveyance of such property could be considered preferential if all other requirements are met. The trustee contends that this procedural difference in allowing exemptions effectively eliminates the *Rutledge* case as a precedent.

This court rejects that argument. The requisites of a preference under the old Bankruptcy Act and the new Bankruptcy Code are substantially the same. Whether exempt property can be the subject matter of a preferential transfer should not depend upon the method in which the exemptions are claimed and allowed. No creditor is injured when the entire subject matter of a preference consists of exempt property. If the property had not been conveyed, the creditors would not have shared in it. In short,—no harm, no foul.

The only exceptions to this principle of diminution of an estate are where the debtor himself wishes to avoid a preference to protect his exemptions under Section 522, or the trustee does it on his behalf. The court in *Deel Rent–a–Car, Inc. v. Levine,* 721 F.2d 750, 757 (11th Cir.1983), in carving out an exception, although not ruling on this particular issue, sets forth in footnote 20 what it considers several good arguments for the viability of the doctrine:

While we do not decide this issue, we do note that there is a good argument that the focus in section 547(b) is still on the "amount that will be received by members of the *class* of which the preferee is a member." H.R.Rep. No. 595, 95th Cong., 1st Sess., 372; S.Rep. No. 989, 95th Cong., 2d Sess., 87; reprinted at 1978 U.S.Code Cong. & Ad.News 5873, 6328 (emphasis added). Moreover, we note that any change in the provision may well be a response to a technical problem in the wording of old section 60. *See 3 Collier on Bankruptcy,* para. 60.-

34 at 902 (14th Ed.1977); *see also* Macey, *Preferences and Fraudulent Transfers under the Bankruptcy Reform Act,* 28 *Emory L.J.* 685, 689–90 (1979); H.R.Rep. No. 595, *supra* at 372; S.Rep. No. 989; *supra* at 87, reprinted at 1978 U.S.Code Cong. & Ad.News 5873, 6328.

If future courts determine that the diminution of estate doctrine still has some vitality in actions brought by the trustee, the particular application of the doctrine may turn on the purpose of the trustee's exercise of the preference avoidance power. For example, if he is trying to retrieve assets that would be exempt and therefore available to the debtor, the doctrine should not be applicable. Section 522(g) suggests that the Code permits such actions by the trustee in order to protect the debtor's exemptions.

With regard to other assets that the trustee would be recovering for the benefit of creditors, however, the doctrine might be an appropriate test of his powers. *See* 4 *Collier on Bankruptcy,* Section 547.21.

Therefore, in the context of this case, the Court must conclude that as to the $1,954.00 there was no preference because under Illinois law that portion of the proceeds was exempt and creditors could not have reached it. It was the debtor's property to use as he saw fit, free and clear of the claims of his creditors. As far as the trustee is concerned, there was no diminution of the debtor's estate.

IT IS, THEREFORE, ORDERED that judgment be and the same is hereby entered against the plaintiff and for the defendant.

This Opinion and Order is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.