In re Donald R. OWEN, Debtor.

Charles E. COVEY, Trustee,
Plaintiff–Appellant,

v.

UNITED FEDERAL SAVINGS AND
LOAN ASSOCIATION OF
ILLINOIS, Defendant–Appellee.

Bankruptcy No. 89–1112.

United States District Court,
C.D. Illinois.

Sept. 1, 1989.

Mr. James S. Brannon, Peoria, Ill., for plaintiff.

Mr. John M. Hanlon, Galesburg, Ill., for defendant.

### ORDER

MIHM, District Judge.

In this bankruptcy appeal, the Court is asked to resolve two issues:

(1) Was either the sale of the Debtor's residence, or the payment of a creditor's previously unsecured claim, within 90 days of the filing of the bankruptcy petition, a transfer for the benefit of that creditor?

(2) Can the transfer of exempt property be a voidable preference under Bankruptcy Code § 547(b)?

Although the Bankruptcy Court answered each of these questions in the negative, this Court finds that the Bankruptcy Court erred on both grounds and reverses the Bankruptcy Court's decision.

### FACTS

This case was filed by the Plaintiff–Trustee pursuant to Bankruptcy Code § 547. This Court'sjurisdiction is conferred by 28 U.S.C. § 158(a). The case was submitted to the Bankruptcy Court upon stipulated facts. The stipulated facts are set out in full below.

By virtue of a Memorandum of Judgment filed December 4, 1986 in the office of the Henry County Recorder, Defendant–Appellee United Federal Savings and Loan Association (hereinafter "United"), has a judgment lien against all Henry County real estate owned by the Debtor, Donald R. Owen. On March 7, 1987, Owen sold his home in Kewanee, Illinois, which is in Henry County. The home was sold at an auction for $11,000.

At the time of the sale of Owen's home, he was a widower and the sole owner of the real estate. Prior to his wife's death, he and his wife owned the property in joint tenancy with rights of survivorship. Owen continued to reside in the property after his wife's death and his residence there lasted until the March 7, 1987 auction sale.

In order to clear his title on the home, Owen paid United $5,454.09 from the auction proceeds. United then released its lien against the real estate. Owen's payment to United in this manner was voluntary. At the time of that payment, Owen was insolvent.

On May 6, 1987, Owen filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code. The bankruptcy trustee filed this case in order to avoid the transfer to United as a preference under Bankruptcy

Code § 547. The preference claim was the only asset in the bankruptcy estate.

In an Opinion and Order entered February 1, 1989, 96 B.R. 168, the Bankruptcy Court entered judgment against the trustee and in favor of United. After analyzing the applicable Illinois Homestead Exemption statutes, Ill.Rev.Stat. ch. 110, ¶¶ 12–901, 12–902, 12–906 (1987), the Bankruptcy Court concluded that, prior to the auction sale, Owen was entitled to a double homestead exemption as long as he continued to occupy the homestead. Thus, Owen was entitled to a $7,500 homestead exemption of his own, as well as a $7,500 exemption for his deceased wife's interest, for a total homestead exemption interest of $15,000. The Bankruptcy Court further found that when Owen sold the property, he was entitled to a single exemption of $7,500 in the proceeds, pursuant to Ill.Rev.Stat. ch. 110, ¶ 12–906. Applying the above analysis to the facts of this case, the Court below then stated:

> Therefore, the debtor was limited to a single homestead exemption of $7,500.00, $3,500.00 of the proceeds was not exempt and was subject to the defendant's judgment lien, and $7,500.00 of the proceeds was exempt and not subject to the defendant's judgment lien.

Bankruptcy Court Opinion and Order of February 1, 1989 at 9.

Having made the above findings, the Bankruptcy Court then addressed the question of whether the trustee could avoid as a preference the $1,954 portion of the payment to United attributable to the exempt property. The Bankruptcy Court found that the trustee could not do so. Following an extensive analysis of case law and commentary on the issue, the Bankruptcy Court concluded that exempt property could not be the subject of a preference action. Because the $1,954 moiety of the proceeds was obtained through the sale of exempt property, the Bankruptcy Court found that its transfer to United could not be considered as the payment of a preference. The Bankruptcy Court reasoned that, under Illinois law, that portion of the proceeds was exempt, so that Owen's credi-

tors could not have reached it. The Bankruptcy Court concluded, "As far as the trustee is concerned, there was no diminution of the debtor's estate." Bankruptcy Court Opinion and Order of February 1, 1989 at 16.

Following the entry of the Bankruptcy Court's Opinion and Order, the Trustee–Appellant filed a Motion to Reconsider, which was denied. Thereafter, the trustee filed this appeal, challenging the findings of the Bankruptcy Court that the payment to United was not a preference that could be avoided under Bankruptcy Code § 547.

## DECISION

In order for the Court to rule in this case, the text of Bankruptcy Code § 547(b) must be considered. That subsection states as follows:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of any antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
>> (A) on or within 90 days before the date of the filing of the petition; or
>> (B) between 90 days and one year before the date of the filing of the petition, if such debtor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
>> (A) the case were a case under Chapter 7 of this title;
>> (B) the transfer had not been made; and
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Bankruptcy Code § 547(b).

This Court is uncertain that the sale of the residence itself satisfies the requirements of § 547(b). The Court has particu-

lar difficulty in finding that the sale of the homestead may be considered to have been "for or on account of an antecedent debt owed by" Owen prior to the sale. Even if the sale of the homestead itself does not satisfy the second requirement of § 547(b), this Court believes that the trustee should prevail on this appeal. The Court so finds because the payment to United of $5,454.90 constituted a preference which the trustee could avoid.

Without question, the payment of the $5,454.90 was made to United. Thus, the requirements of Code § 547(b)(1) are satisfied. Similarly, because the payment was made on account of Owen's antecedent debt owed to United prior to the payment, the requirements of Code § 547(b)(2) are satisfied. The record indicates that Owen was insolvent at the time of his payment to United, and that the payment to United was made within 90 days of the date that Owen filed his Chapter 7 petition, so that the requisites of § 547(b)(3) and (b)(4)(A) have been met. Finally, because the preference claim in question was the only asset in the bankruptcy estate, United received more than it would have received had the payment to it not been made, so that § 547(b)(5) has been satisfied.

The Bankruptcy Court failed to explain why Owen's payment of $3,500 from the auction proceeds was not a preference within the meaning of § 547(b). That Court devoted no discussion to this question in its original Order, but that failure may be due to the fact that the parties did not specifically raise it at that point. However, the trustee did raise that issue in his Motion to Reconsider. On March 22, 1989, the Bankruptcy Court denied that Motion without discussion of its merits. As a result, this Court has no way of knowing why the Bankruptcy Court rejected the trustee's position; nevertheless, this Court believes that rejection of the trustee's argument was erroneous.

■■■ The Bankruptcy Court devoted much of its discussion in its February 1, 1989 Order to the question of whether or not the trustee can avoid a transfer involving exempt property. Because the Bank-

ruptcy Court did not discuss the issue of whether or not the $3,500 constituted a preference, that Court's discussion of the avoidability of a payment from the proceeds of a sale of exempt property was limited to consideration of the $1,954.90 portion of the payment attributable to exempt property. After considering this question, the Bankruptcy Court concluded that the trustee could not avoid such payment. This Court respectfully disagrees.

The basis of the Bankruptcy Court's conclusion that transfer of the proceeds of a sale of exempt property cannot be avoided was that Court's belief that the "diminution of the estate doctrine" is viable under the Bankruptcy Code. That doctrine, which was indisputably relevant under the Bankruptcy Act, focused on the issue of whether a given transfer diminished or depleted the debtor's estate. If the answer to that question were in the affirmative, the trustee would be able to avoid the transfer. On the other hand, if the transfer did not diminish or deplete the debtor's estate, the trustee would not be able to avoid the transfer. Applying the diminution of estate doctrine to the instant case, the Bankruptcy Court found that the trustee would not be able to avoid Owen's transfer of the $1,945.90 to United because that transfer did not deplete Owen's estate. In the words of the Bankruptcy Court:

> [I]n the context of this case, the Court must conclude that as to the $1,954.00 there was no preference because under Illinois law that portion of the proceeds was exempt and creditors could not have reached it. It was the debtor's property to use as he saw fit, free and clear of the claims of his creditors. As far as the trustee is concerned, there was no diminution of the debtor's estate.

Bankruptcy Court Order of February 1, 1989 at 16.

This Court believes that the Bankruptcy Court erred in applying the "diminution of the estate" doctrine. Not only is this Court in disagreement with the result reached by the Bankruptcy Court, but it is also puzzled by the path that that Court took in order to reach it. The Bankruptcy

Court believed that Congress, in promulgating the Bankruptcy Code, rejected the Bankruptcy Commission's proposed bill which stated that transfers involving exempt property could be avoided by the trustee as preferences. Yet, the authorities cited by the Bankruptcy Court in support of its conclusion are contrary to the Bankruptcy Court's finding. For example, the Bankruptcy Court made reference to 2 Norton, *Bankruptcy Law and Practice,* § 32.04, which states as follows:

> In determining whether a given transfer depleted the bankrupt's estate, cases under the Bankruptcy Act tended to require that the property transferred represent value that would otherwise have passed to the estate and, through it, to the other creditors. Thus, there was support for the proposition that a transfer of exempt property could not be a preference since it did not deplete the estate. This result was buttressed, in part, by the fact that exempt property did not pass to the estate. *The results may not be valid under the Code since all property passes to the estate and the debtor will generally have an election between federal and state exemptions. Certainly, from the perspective of the transferee—creditor, an economic preference occurs regardless of the type of property transferred.*

(Emphasis added). Also cited by the Bankruptcy Court was 4 *Collier on Bankruptcy,* ¶ 547.03(2) (15th Ed.1988), which states, in footnote 20:

> If the interest in property transferred was potentially exempt property, then its transfer did not diminish the debtor's estate. *The transfer of exempt property may, nevertheless, be avoided.*

(Emphasis added).

Also cited as authority by the Bankruptcy Court was Judge Ginsberg's work on bankruptcy. Unfortunately, the Bankruptcy Court seems to have overlooked a number of references in that publication to the fact that the bankruptcy trustee can avoid transfers involving exempt property and the proceeds thereof. *See e.g.,* R. Ginsberg, *Bankruptcy,* ¶ 6104 (1988) ("[T]he

debtor's power to avoid judicial liens against exempt property are broader than the trustee's power to avoid such liens as preferences."); *Id.* at ¶ 6201 ("Under the Bankruptcy Code, the primary right to enforce the avoiding powers against exempt property is vested in the trustee."); *Id.* at ¶ 6202 ("The most important limit imposed on the debtor in connection with the trustee's avoiding powers is that the debtor cannot assert an exemption in property that the trustee recovers under the trustee's avoiding power when the debtor has voluntarily transferred the exempt property before or after a bankruptcy petition.").

As the references to the aforementioned bankruptcy law authorities indicate, the bankruptcy trustee has the power to avoid transfers of the proceeds of exempt property. The Bankruptcy Court mistakenly believed that because Owen's homestead interest was exempt prior to its sale, the trustee could not avoid a transfer of the sale proceeds to United. As explained above, the Bankruptcy Court found that avoidance would be of no benefit to the estate due to the exempt nature of the homestead interest. What the Bankruptcy Court seems to have forgotten is the fact that "[i]t is well settled that exempt property is property of the estate until the debtor asserts his right to the exemption. Therefore, a transfer of otherwise exempt property, which has been avoided under ... § 547 ... is brought into the bankruptcy estate by § 551." *Matter of Weis,* 92 B.R. 816, 820–21 (Bankr.W.D.Wis.1988). Thus, contrary to the Bankruptcy Court's conclusion, the estate would benefit were the trustee to succeed in avoiding Owen's transfer of the $1,954 to United.

## CONCLUSION

For the reasons stated above, this Court finds that the Bankruptcy Court erred in ruling that Owen's transfer of $5,454 was not a preference which the trustee could avoid under Bankruptcy Code § 547(b). This Court REVERSES the Bankruptcy Court's decision and REMANDS this case to that Court for further proceedings in

accordance with the findings in this opinion.

It is so ordered.