**In re Etta Yvonne RHOADES, Debtor.**

**Bankruptcy No. 94–71048.**

United States Bankruptcy Court, C.D. Illinois.

Oct. 4, 1994.

Douglas S. Lake, Decatur, IL, for debtor.

Vernon H. Houchen, Trustee, Decatur, IL.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether the Debtor may use her deceased husband's homestead exemption in addition to her own homestead exemption pursuant to 735 ILCS 5/12–901 et seq.

The material facts are not in dispute. The Debtor, Etta Rhoades, has lived at her personal residence at 417 West Howard in Kenny, Illinois, for 35 years. She lived with her husband at the residence until his death on June 11, 1984. She has continued to occupy the residence through and including the present time. The Debtor paid $5,500 for the property, and she now values the property at $15,000.

The Debtor filed her petition for relief pursuant to Chapter 7 of the Bankruptcy Code on June 22, 1994. The Debtor claimed a homestead exemption of $7,500 in her own right pursuant to 735 ILCS 5/12–901. In addition, the Debtor claimed the benefit of her deceased husband's homestead exemption in the amount of $7,500 pursuant to 735

ILCS 5/12–902. The Trustee objected to the Debtor's attempt to claim, in effect, a double exemption on the grounds that only one homestead is available to any one person. The Debtor bases her claim to the double homestead on the fact that she has continued to occupy the residence following the death of her husband. The relevant Illinois statutory sections are as follows:

§ 12–901. Amount. Every individual is entitled to an estate of homestead to the extent in value of $7,500, in the farm or lot of land and buildings thereon, a condominium or in personal property, owned or rightly possessed by lease or otherwise and occupied by him or her as a residence, or in a cooperative that owns property that the individual uses as a residence; and such homestead, and all right and title therein, is exempt from attachment, judgment, levy or judgment sale for the payment of his or her debts or other purposes and from the laws of conveyance, descent and legacy, except as hereinafter provided or as provided in Section 20–6 of the Probate Act of 1975 as amended. This Section is not applicable between joint tenants or tenants in common but it is applicable as to any creditors of such persons.

§ 12–902. Exemption after death or desertion. Such exemption shall continue after the death of such individual, for the benefit of the spouse surviving, so long as he or she continues to occupy such homestead, and of the children until the youngest child becomes 18 years of age; and in case the spouse deserts his or her family, the exemption shall continue in favor of the one occupying the premises as a residence.

§ 12–906. Proceeds of sale. When a homestead is conveyed by the owner thereof, such conveyance shall not subject the premises to any lien or incumbrance to which it would not be subject in the possession of such owner; and the proceeds thereof, to the extent of the amount of $7,500, shall be exempt from judgment or other process, for one year after the receipt thereof, by the person entitled to the exemption, and if reinvested in a homestead the same shall be entitled to the same exemption as the original homestead.

The starting point for the Court's analysis is *In re Owen*, 96 B.R. 168 (Bankr.C.D.Ill. 1989), rev. on other grounds, 104 B.R. 929 (C.D.Ill.1989). The facts in *Owen* were not disputed. The debtor and his deceased wife held title in joint tenancy and resided in certain real estate. Following the wife's death, the debtor continued to reside in the property. Subsequently, a bank obtained a judgment lien against all of the debtor's real estate. The debtor then voluntarily sold the real estate at auction for $11,000.00. The debtor paid the bank $5,454.90 in exchange for a release of the judgment lien. Two months later, the debtor filed a Chapter 7 proceeding. The Chapter 7 Trustee filed a preference action to recover the money paid to the bank.

The Bankruptcy Court concluded that there was no preference as to the $1,954 portion of the payment to the bank because under Illinois law that portion of the proceeds was exempt and creditors could not reach it. Thus, there was no "diminution of the debtor's estate." In reaching this conclusion, the Bankruptcy Court analyzed the applicable Illinois Homestead Exemption Statutes, 735 ILCS 5/12–901, 5/12–902 and 5/12–906. The Bankruptcy Court found that prior to the auction sale, the debtor was entitled to a double homestead exemption as long as he continued to reside at the homestead. 735 ILCS 5/12–902. Thus, the debtor was entitled to a $7,500 homestead exemption on his own, as well as his deceased wife's $7,500 homestead interest, for a total homestead exemption of $15,000. However, the Bankruptcy Court further found that since the debtor voluntarily sold the property, he was only entitled to a single exemption of $7,500. 735 ILCS 5/12–906. The Bankruptcy Court found that by voluntarily selling the property, the debtor could not claim the deceased wife's $7,500 exemption from the proceeds of the sale. The District Court reversed the decision on the grounds that the bankruptcy trustee had the power to avoid transfers of the proceeds of exempt property but did not address the Bankruptcy Court's analysis of the exemption statutes.

■ In this case, the Chapter 7 Trustee argues that the Bankruptcy Court in *Owen*

misinterpreted the Illinois homestead exemptions. Prior to § 12–901 being amended on July 1, 1982; it provided that every "householder having a family" was entitled to a homestead exemption of $10,000. That section had been interpreted to mean only the "head of the household" could claim the $10,000 exemption. The exemption was not available to a person who was not the head of the household even if their name was included on the title. Section 12–902 provided that the homestead continued after the death of the individual, who was "head of the household", for the benefit of the surviving spouse so long as he or she continued to occupy the premises. In 1982, § 12–901 was amended to provide a $7,500 homestead exemption to every individual but no material changes were made to § 12–902 or § 12–906. The Illinois law is clear. The amended § 12–901 provides both the husband and wife with a $7,500 exemption or a total of $15,000. *The First National Bank of Moline v. Mohr,* 162 Ill.App.3d 584, 114 Ill.Dec. 85, 515 N.E.2d 1356 (1987).

■ The Trustee suggests that because the homestead exemption is no longer based on who is the head of the household but provides a homestead to every individual, there is no longer a need to provide for the homestead to continue after the death of the "head of the household" since each spouse now has their own homestead exemption of $7,500.

Finally, the Trustee states that it does not make any sense to limit the amount of the homestead exemption to $7,500 if the homestead is voluntarily conveyed at a sale when a husband and wife would be entitled to a $15,000 exemption as long as the property is occupied as a homestead. Therefore, the Trustee concludes that a single debtor may not claim a double homestead.

The Trustee's argument has a logical appeal to it, but acceptance of the argument would require the Court to ignore § 12–902. While the Illinois legislature might have been better advised to eliminate § 12–902 when it amended § 12–901, the fact remains that the legislature left it intact. As Judge Altenberger reminded us in *Owen,* "statutes should be construed in a manner which gives effect to

every provision." 96 B.R. at 172. Moreover, the Supreme Court has recently emphasized a plain language analysis of statutory provisions. *Union Bank v. Wolas,* 502 U.S. 151, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991); *Patterson v. Shumate,* —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). Thus, the Court must apply the plain language of § 12–902 to the facts in this case.

The factual situation in this case is the opposite of the factual situation in *Owen.* In *Owen,* a widower sold his homestead before filing bankruptcy, and the issue concerned his exemption in the proceeds from the sale pursuant to § 12–906. Here, a widow has continued to occupy her homestead since the death of her husband, and the issue concerns her right to her husband's exemption pursuant to § 12–902. The clear language of § 12–902 provides that a homestead exemption continues after the death of an individual for the benefit of the surviving spouse so long as the spouse continues to reside in the residence. Since the Debtor has continued to occupy the homestead following her husband's death, she is entitled to her husband's homestead pursuant to § 12–902. In addition, she is entitled to her own homestead pursuant to § 12–901. Thus, she may claim a homestead exemption in the amount of $15,000. *In re Silverman,* 98 B.R. 415, 416 (Bankr.C.D.Ill.1988).

For the foregoing reasons, the Trustee's Objection to Exemptions Claimed is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.