In re Anna Isabel WALSTON, Debtor.

Bankruptcy No. BK 95–31406.

United States Bankruptcy Court, S.D. Illinois.

Jan. 8, 1996.

Steven N. Mottaz, Trustee, Alton, IL.

Gail D. Bader, Alton, IL, for debtor.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

The debtor, after entering into a contract to sell her residence, filed for bankruptcy relief and claimed her deceased husband's homestead exemption as well as her own

homestead exemption under Illinois law. The trustee objected to this double claim of exemptions, contending that despite the debtor's status as a surviving spouse, she is limited under Illinois law to $7,500 from the proceeds of sale of the homestead residence. At issue is whether the debtor may claim both her deceased husband's $7,500 exemption and her own $7,500 exemption or whether she is limited to a single $7,500 exemption in the sale proceeds from the residence.

Three days before filing her Chapter 7 bankruptcy petition, the debtor entered into a written agreement to sell the residence in which she and her husband had resided until the time of his death and in which the debtor continued to reside through the date she filed her bankruptcy petition. The buyers, under the terms of the agreement, paid a $500 earnest deposit upon its execution and agreed to pay the $37,500 balance of the purchase price at closing. The debtor agreed to give the buyers possession of the property and to convey title upon payment of the purchase price balance at closing. The agreement also contained a provision stating that the sale was "subject to approval of the Trustee of the United States Bankruptcy Court of the Southern District of Illinois or anyone acting in his stead."

In her bankruptcy schedules, the debtor claimed her individual homestead exemption pursuant to 735 ILCS 5/12–901 and also claimed her deceased husband's homestead exemption pursuant to 735 ILCS 5/12–902. The trustee objected that the debtor was entitled pursuant to 735 ILCS 5/12–906 to no more than $7,500 from the sale proceeds of the homestead property. After commencement of the bankruptcy case, the trustee obtained approval from the Court to sell the debtor's residence to the original buyers at the contract price. The order approving sale reserved ruling on whether the debtor, in addition to receiving $7,500 for her own homestead exemption, was also entitled to her deceased husband's homestead exemption.

The Illinois exemption provisions here at issue state in pertinent part: [1]

§ 12–901. Amount. Every individual is entitled to an estate of homestead to the extent in value of $7,500 of his or her interest in ... land and buildings thereon, ... owned or rightly possessed ... and occupied by him or her as a residence....

735 ILCS 5/12–901 (1994).

§ 12–902. Exemption after death or desertion. Such exemption shall continue after the death of such individual, for the benefit of the spouse surviving, so long as he or she continues to occupy such homestead....

735 ILCS 5/12–902 (1994).

§ 12–906. Proceeds of sale. When a homestead is conveyed by the owner thereof, ... the proceeds ..., to the extent of the amount of $7,500, shall be exempt from judgment or other process, for one year after the receipt thereof, by the person entitled to the exemption, and if reinvested in a homestead the same shall be entitled to the same exemption as the original homestead.

735 ILCS 5/12–906 (1994).

The debtor argues that these three provisions must be read together to allow a surviving spouse who sells a homestead residence to keep $15,000 of the proceeds as exempt property for the purpose of buying a new home within one year. She contends that the language of § 12–906 permits her to claim both her own and her deceased husband's homestead exemption. The trustee disputes the debtor's interpretation of § 12–906, relying on a bankruptcy court decision which construed § 12–906 as terminating the surviving spouse's right to claim more than $7,500 from the proceeds of sale of the homestead residence. *See In re Owen,* 96 B.R. 168, 171–72 (Bankr.C.D.Ill.), *rev'd on other grounds,* 104 B.R. 929 (C.D.Ill.1989).

As the *Owen* court noted, prior to amendment in 1982, § 12–901 entitled every "householder having a family" to a homestead exemption of $10,000. When the

1. Because Illinois has opted out of the federal scheme of exemptions offered by the Bankruptcy Code, the extent of the debtor's homestead exemption is determined under state law. *See* 11 U.S.C. § 522(b)(1); 735 ILCS 5/12–1201.

householder died, the $10,000 exemption continued in the surviving spouse pursuant to § 12–902. If the surviving spouse conveyed the homestead, § 12–906 provided that the proceeds of sale, "to the extent ... of $10,000," were exempt for one year and, if reinvested in a new homestead, were "entitled to the same exemption as the original homestead." *See Owen*, 96 B.R. at 170–71. Accordingly, the statutory scheme prior to amendment was internally consistent, granting a $10,000 exemption whether the surviving spouse remained in the homestead or sold it and purchased another homestead within one year.

However, with the amendment of § 12–901 in 1982, a statutory inconsistency arose. While amended § 12–901 abolished the $10,000 "householder" exemption and, in its place, granted a $7,500 homestead exemption to every "individual" occupying property as a residence,[2] §§ 12–902 and 12–906 were not changed materially or correspondingly. As its predecessor had done, amended § 12–902 continued the homestead exemption of the deceased spouse in the surviving spouse so long as he or she continued to occupy the residence. The amendment to § 12–906 simply reduced the amount of the proceeds of sale to be held exempt from $10,000 to $7,500. The amendment of § 12–901 without corresponding changes to §§ 12–902 and 12–906 resulted in a seemingly unintended incongruity: the surviving spouse who continued to live in the marital residence after the death of his or her spouse was entitled to claim the deceased spouse's homestead exemption, along with his or her own, for a total exemption of $15,000, while the surviving spouse who sold the marital residence was limited to an exemption of $7,500 even if he or she timely reinvested the sale proceeds in a new homestead. *See id.*, at 170–72.

The debtor urges the Court to adopt a liberal construction of amended § 12–906 to give effect to the Illinois legislature's presumed intent to continue to allow a surviving

spouse who sells the marital residence to claim the homestead exemption of the deceased spouse in addition to his or her own. The Court finds, however, that it need not address this argument because, as explained below, § 12–906 is inapplicable to the facts of this case. As a result, the debtor is entitled to the exemptions she has claimed under §§ 12–901 and 12–902.

■ A debtor's right to claim a particular exemption is determined by the debtor's status at the time of filing the bankruptcy petition. *See* 11 U.S.C. § 522(b)(2)(A);[3] *In re Summers*, 108 B.R. 200, 203 (Bankr. S.D.Ill.1989). In this case, it is uncontroverted that at the time the debtor filed her petition, record title to the subject property was in the debtor's name and she was occupying the property as her residence. Under this scenario, the debtor would be entitled to claim both her $7,500 exemption under § 12–901 and her deceased husband's $7,500 exemption under § 12–902. *See In re Rhoades*, 176 B.R. 167, 168–69 (Bankr.C.D.Ill.1994); *In re Silverman*, 98 B.R. 415, 416 (Bankr.C.D. 1988). However, the debtor had, three days before her bankruptcy filing, entered into a contract to sell the residence. Since Illinois recognizes the doctrine of equitable conversion in the context of real estate sales, it is necessary to determine whether, at the point of the debtor's bankruptcy filing, the sale of the debtor's property was so far completed that equitable conversion had, in fact, transpired. If so, then the sale would have occurred prepetition and the proceeds of sale would be property of the estate, with the debtor's exemption being limited to the amount allowed under § 12–906 for exempt sale proceeds.

■ Under the doctrine of equitable conversion, land is treated as personalty and personalty as land in certain circumstances. *Shay v. Penrose*, 25 Ill.2d 447, 185 N.E.2d 218, 219–20 (1962). Thus,

---

**2.** Under amended § 12–901, a husband and wife holding property jointly may each claim a $7,500 exemption, for a total exemption of $15,000. *See First Nat'l Bank of Moline v. Mohr*, 162 Ill. App.3d 584, 114 Ill.Dec. 85, 87, 515 N.E.2d 1356, 1358 (1987).

**3.** Section 522(b)(2)(A) provides that a debtor may exempt any property "that is exempt under ... law that is applicable on the date of the filing of the petition...."

when the owner of land enters into a valid and enforceable contract for its sale[,] he continues to hold the legal title, but in trust for the buyer; and the buyer becomes the equitable owner and holds the purchase money in trust for the seller. The conversion takes place at the time of entering into [the] contract.

*Id.*, at 219–20. *See also Ruva v. Mente*, 143 Ill.2d 257, 157 Ill.Dec. 424, 428, 572 N.E.2d 888, 892 (1991).[4]

■ By this definition, equitable conversion occurs only when a valid and enforceable contract exists and is not applicable if there is an unmet contingency or condition precedent that prevents the contract from being enforceable or effective. *See Dodson v. Nink*, 72 Ill.App.3d 59, 28 Ill.Dec. 379, 382–84, 390 N.E.2d 546, 549–51 (1979). Where a contract contains a condition precedent, the contract is neither enforceable nor effective until the condition is performed or the contingency occurs. *Jones v. Seiwert*, 164 Ill. App.3d 954, 115 Ill.Dec. 869, 872, 518 N.E.2d 394, 397 (1987). Thus, the doctrine of equitable conversion "will not be applied if the contract of sale is not enforceable because a condition precedent, the occurrence of which is not governed by either party to the contract, is unfulfilled." *Hinsdale Fed. Sav. & Loan Ass'n v. Gary–Wheaton Bank*, 100 Ill. App.3d 746, 56 Ill.Dec. 558, 560, 427 N.E.2d 963, 965 (1981).

■ The agreement signed by the debtor and the buyers in this case contained a provision making it subject to the approval of a third party, the bankruptcy trustee. The trustee, by force of law, could not give his approval until after the debtor filed her bankruptcy petition. Thus, at the time the debtor's petition was filed, the sales agreement was subject to a condition precedent—the approval of the bankruptcy trustee—

which was outside the control of the contracting parties and which had not yet been satisfied.[5] At this time, then, the sales agreement was not an enforceable contract, and equitable conversion had not taken place. *See Crum v. Krol*, 99 Ill.App.3d 651, 54 Ill. Dec. 864, 867, 425 N.E.2d 1081, 1084 (1981) ("if a writing indicates that an agreement to sell realty is subject to final approval by a third party, ... the writing may be deemed ... incomplete as a final contract").

■ Because equitable conversion had not occurred upon the filing of the debtor's bankruptcy petition, the debtor maintained both legal and equitable title to the residence and was entitled to claim her own and her deceased husband's homestead exemptions under §§ 12–901 and 12–902, respectively. Given that her interest in the real estate had not been converted to a personalty interest in proceeds at the time of filing, she was not limited to claiming an exemption in the proceeds of sale as provided by § 12–906.

■ The fact that the debtor's exemption will be paid from the sale proceeds of the residence does not mean she must claim her exemption under § 12–906, as the proceeds were realized postpetition whereas the debtor's eligibility to claim the homestead exemption was determined by her status on the petition date. Property which is claimed as exempt is deemed no longer property of the estate, and its subsequent transformation into proceeds which would be nonexempt under state law does not bring these proceeds back into the bankruptcy estate. *In re Reed*, 184 B.R. 733, 737–38 (Bankr.W.D.Tex.1995). Thus, in this case, the $7,500 in proceeds attributable to the debtor's deceased husband's exemption, although not now exempt, is nevertheless not property of the debtor's estate since it was properly claimed as exempt at the time of filing.

4. In *Shay*, the court repudiated its prior decisions which held that a contract to convey at a future time did not create an equitable title until the buyer performed all acts necessary to entitle him to a deed. The court adopted the majority view that "equitable conversion takes place at the instant a valid and enforceable contract is entered into," at which time the buyer acquires an equitable title. *Shay*, at 220.

5. The trustee, of course, chose to complete the sale to the original contract buyers. It is equally conceivable that he might have rejected the agreement and chosen to market the property at a higher price. Ironically, it is the provision giving the trustee authority to approve or disapprove the agreement that defeats the trustee's objection to the debtor's claim of exemption in this case.

For the reasons stated, the Court finds that the debtor is entitled to a total exemption of $15,000 from the sale proceeds of the debtor's residence. Accordingly, the trustee's objection to exemption will be overruled.